UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RATAMENEGRE ZEIDA, individually and on behalf others similarly situated,

       Plaintiff,

-against-

OVEN ARTISANS LLC and KEITH COHEN,

       Defendants.
------------------------------------------------------------X

Civil Action No.:

1:24-cv-3451

CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff, Ratamenegre Zeida, by and through his attorneys Giskan Solotaroff and Anderson LLP, brings this action individually and on behalf of other similarly situated current and former bakery worker employees of Defendants Oven Artisans LLC and Keith Cohen (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Labor Law for unpaid overtime wages and spread of hours pay.

## THE PARTIES

2. Plaintiff is an individual who resides in the Bronx, New York. At all relevant times, Plaintiff was employed by Defendants and worked as a laborer at Defendants' bakery located at 1187 East 156th Street, Bronx, New York, from November 2018 through December 2022.

3. Defendant Oven Artisans LLC ("Oven Artisans") is a domestic limited liability corporation authorized to do business in New York, with its principal place of business located at 1187 East 156th Street, Bronx, New York. Oven Artisans LLC previously operated as Oven Artisans, Inc., which is the name of the company on Plaintiff's pay records.

4. Defendant Keith Cohen is the owner and/or managing member of Oven Artisans. At all times relevant, Cohen had the power to hire, fire, control the wages and conditions of work, and set the manner of pay, for Plaintiff, the members of the FLSA Collective and the Class as defined herein.

5. At all relevant times Defendants Oven Artisans and Keith Cohen ("Defendants") were the employer of Plaintiff, the other members of the FLSA Collective and the Class.

6. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. § 203(b) by producing goods for interstate commerce, or handling, selling or working on goods or materials that have been moved in or produced for interstate commerce.

7. Defendants' gross annual volume of sales or business was not less than $500,000.

## JURISDICTION AND VENUE

8. Jurisdiction in this case is based on 28 U.S.C. §§ 1331 and/or 1337. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Jurisdiction over the New York Labor Law claims is pursuant to 28 U.S.C. §1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendants are authorized to conduct business and have conducted substantial business in this district, have intentionally availed themselves of the laws within this district and are subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

10. Plaintiff commenced work as a laborer in Defendants' bakery in November 2018.

11. Plaintiff was paid an hourly wage of approximately $23.75.

12. Plaintiff typically was assigned to a work schedule from 6:00 p.m. to 3:00 a.m., five to six days per week.

13. Plaintiff frequently worked much longer than his assigned work schedule and often was at work until 5:00 a.m. or later to accommodate the needs of the bakery.

14. Moreover, Plaintiff often received calls from his employer requesting that he start work earlier than his assigned shift. As his employer was aware, Plaintiff lived close to the bakery and was able to arrive at work on short notice. Defendants

took advantage of this fact and frequently asked Plaintiff to show up to work several hours prior to his scheduled start time, especially when other workers had called out.

15. Plaintiff was required to clock in and out of work.

16. Plaintiff was not paid overtime wages at time and a half for all hours worked in excess of forty (40) hours per week.

17. Defendants used time tracking software to monitor the hours worked by Plaintiff and the other employees. Defendants, however, had access to the time tracking software and were able to manipulate the hours to show no overtime or less overtime than the hours actually worked by the employees.

18. As a result of Defendants' manipulation of the time tracking software, Plaintiff's pay records generally would show an eight hour workday and a forty hour work week.

19. Plaintiff's co-workers complained to him that their pay stubs did not accurately reflect all of the overtime hours they had worked.

20. Plaintiff complained on multiple occasions to his manager, Mike Inderdeo, and to Defendant Keith Cohen, that he and other employees were not being paid time and a half for all of their hours worked in excess of forty hours per week and that the pay stubs that Plaintiff and the other employees received did not accurately reflect all hours worked.

21. Indeed, one week prior to his termination in December 2022, Plaintiff had complained to management about their failure to pay overtime wages.

## THE FLSA COLLECTIVE

22. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) as an FLSA collective action on behalf of himself and the following collective of potential opt-in litigants: All persons who work or previously worked for Defendants as hourly paid workers in Defendants' bakery from three years prior to the filing of this complaint.

23. Plaintiff and the FLSA Collective Members are similarly situated and Plaintiff will prosecute this action vigorously on behalf of the FLSA Collective.

24. Plaintiffs intend to file a motion pursuant to 29 U.S.C. § 216(b) for an order permitting them to provide written notice of this action to all similarly situated FLSA Collective Members so that they have an opportunity to join this lawsuit.

## THE NEW YORK LABOR LAW CLASS

25. Plaintiff brings claims for violation of the New York Labor Law as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of himself and the following class: All persons who work or previously worked for Defendants as hourly paid workers in Defendants' bakery from six years prior to the filing of this complaint.

26. The members of the Class and are so numerous (in excess of forty) that joinder of all members is impracticable.

27. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants have failed to pay Plaintiff and the other Class members overtime wages at time and a half for all hours worked in excess of forty hours per week and whether Defendants have altered the time records.

28. Plaintiff's claims are typical of the claims of the Class he seeks to represent. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one. There are no conflicts between the interests of Plaintiff and the members of the Class, and the injuries suffered by Plaintiff are similar to the injuries suffered by the members of the Class.

29. Plaintiff will fairly and adequately represent and protect the interests of the Class.

30. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members.

31. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit

a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The members of the Class are readily identifiable from Defendants' employment records. Prosecution of separate actions by individual members of each of the Class would create the risk of inconsistent or varying adjudications and would establish incompatible standards of conduct.

32. A class action is also superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the members of the Class, while substantial, may not be great enough to enable them to maintain separate suits against Defendants on an individual basis.

33. Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT ONE
### Overtime Violation of the FLSA
### (On Behalf of all Plaintiff and the FLSA Collective)

34. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendants are an "employer" covered by the minimum wage and overtime requirements set forth in the FLSA.

36. As hourly paid employees of Defendants, Plaintiff and the FLSA Collective worked over forty (40) hours in many workweeks but were not paid overtime compensation under the FLSA for all of those excess hours.

37. Plaintiff and the FLSA Collective do not qualify for any exemption from the minimum wage and overtime obligations imposed by the FLSA.

38. Throughout Plaintiff's and the FLSA Collective Members' employment, The Shade Store knew Plaintiff and the FLSA Collective were hourly paid employees who were required by Defendants to work off the clock, outside of their standard shift schedule, without compensation. Defendants also knew they were required to pay overtime wages at the rate of time and a half to Plaintiff and the FLSA Collective for hours worked over 40 in any workweek. Despite this knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective were entitled. Indeed, Plaintiff made numerous complaints to his manager and Defendant Cohen on behalf

of himself and other members of the FLSA Collective concerning Defendants' failure to pay overtime wages for all hours worked in excess of forty hours per week.

39. Pursuant to the FLSA, Plaintiff and the FLSA Collective are entitled to unpaid overtime at a rate of one and one-half (1 ½) times their hourly wage. Because Defendants' failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiffsand the FLSA Collective are entitled to these wages dating back three years.

40. The identity of all FLSA Collective Members is readily known to Defendants pursuant to its payroll and other records. Plaintiff is entitled to review these records and identify the FLSA Collective Members who have a right to be provided with notice and an opportunity to join this collective action.

41. The exact amount of compensation, including overtime compensation that Defendants failed to pay Plaintiff and the FLSA Collective can be ascertained by reviewing records that are in the possession of Defendants and through the use of representative evidence and testimony.

42. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Absent Defendants' keeping accurate records as required by law, Plaintiff and the Class are entitled to submit their information about the number of overtime hours worked.

43. Defendants' failure to pay Plaintiff and the FLSA Collective compensation in accordance with the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiff and the FLSA Collective Members are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

44. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay proper compensation. As such, Plaintiff is entitled to attorneys' fees and costs incurred pursuant to 28 U.S.C. § 216(b).

## COUNT TWO
### Violation of the New York Labor Law Overtime Pay Provisions
### (On Behalf of Plaintiff and the Class)

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. The NYLL requires employers pay non-exempt employees at time and a half for all hours worked in excess of forty hours per week.

47. Defendants have failed to pay Plaintiff and the other members of the Class overtime wages at time and a half for all hours worked in excess of forty hours per week.

48. At all relevant times, Defendants have been employers of Plaintiff and the other Class members within the meaning the NYLL §§ 650 et seq.

49. Defendants' violation of the overtime pay provisions of the NYLL was willful and knowing.

50. Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, attorneys' fees, costs and interest.

## COUNT THREE
### Violation of the New York Labor Law Spread of Hours Requirement
### (On Behalf of Plaintiff and the Class)

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff and the Class often worked more than ten hours per day for Defendants.

53. Defendants failed to compensate Plaintiff and other Class members with an extra hour's pay when they worked more than ten hours in a shift.

54. Defendants' failure to pay spread of hours pay was willful.

55. Plaintiff and the Class are entitled to recover from Defendants unpaid spread of hours pay, liquidated damages, attorneys' fees, costs and interest.

## COUNT FOUR
### Unlawful Retaliation
### (On Behalf of Plaintiff)

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff engaged in protected activity under the NYLL by complaining to his manager and Defendant Cohen that he and other similarly situated bakery workers were not being paid overtime wages for all hours worked in excess of forty hours per week.

58. Within one week of Plaintiff making his final complaint to management concerning overtime pay violations, Defendants terminated Plaintiff in December 2022.

59. Defendants had no legitimate reason to terminate Plaintiff at this time and did so in retaliation for his protected activity.

60. Plaintiff is entitled to damages for Defendants' violation of NYLL §§ 215 and 740, including back pay, front pay, liquidated damages, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendants as follows:

A. An order permitting this litigation to proceed as a collective action on behalf of Plaintiff and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

B. Prompt notice pursuant to 29 U.S.C. § 216(b) of this litigation to all FLSA Collective Members;

C. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3) on behalf of the Class;

D. A declaration that Defendants' conduct is in violation of the FLSA and the

state wage and hour laws set forth above;

E. Compensatory damages, including spread of hours and overtime pay;

F. Liquidated and punitive damages;

G. Pre-judgment interest;

H. Attorneys' fees and costs; and

I. Any such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims so triable.

Dated: May 3, 2024               Respectfully submitted,

**GISKAN SOLOTAROFF & ANDERSON LLP**

*/s/ Catherine E. Anderson*
Catherine E. Anderson, Esq.
Email: canderson@gslawny.com
90 Broad Street, 2nd Floor
New York, NY 10004
Tel: (212) 847-8315