# GISKAN SOLOTAROFF & ANDERSON LLP
### Attorneys at Law

December 17, 2024

BY ECF
The Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Court House
500 Pearl Street
Court Room 18A
New York, New York 10007

       Re: *Ratamenegre Zeida, et al., v. Oven Artisans LLC and Keith Cohen*
          Case No.: 1:24-cv-03451 (SLC)

Dear Magistrate Judge Cave,

  I am a member of Giskan Solotaroff & Anderson LLP ("GSA") and represent the Plaintiff, Ratamenegre Zeida, a former employee of Oven Artisans LLC and Keith Cohen ("Defendants") in the above-referenced wage and hour litigation. The parties have entered into a settlement agreement, a copy of which is attached hereto as **Exhibit A** (the "Settlement"), to resolve Plaintiff's individual claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York labor law. With Defendants' consent, I submit this letter brief in support of approval of the Settlement. As set forth herein, the parties believe that the Settlement reflects a fair and reasonable compromise of the disputed issues and respectfully request that the Court grant approval.

  **The Settlement Is Fair, Reasonable and Adequate**

  The Settlement provides a total benefit of $140,000.00. "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Each of these factors is satisfied here.

  (1) The Plaintiff's range of possible recovery: this factor is satisfied by the Settlement. Pursuant to the Settlement, Plaintiff will receive $93,063.34, net of attorney's fees and costs. For the purposes of Court- ordered mediation, Plaintiff's counsel calculated total alleged unpaid overtime damages of approximately $267,000. The amount Plaintiff will receive pursuant to the

Settlement represents approximately 35% of his claimed unpaid overtime wages.[1] This is a fair compromise. *Redwood v. Cassway Contr. Corp.*, 2017 U.S. Dist. LEXIS 173208, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Felix v. Breakroom Burgers & Tacos*, 15 Civ. 3531 (PAE), 2016 U.S. Dist. LEXIS 30050, 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (net settlement of less than 25% of FLSA plaintiff's maximum recovery is reasonable). The reasonableness of the settlement amount in light of the maximum possible recovery is further supported by the fact that the Plaintiff "might not prevail on all claims at trial." *Khan v. Dunwoodie Gas Station, Inc.*, No. 19-CV-5581 (KMK), 2020 U.S. Dist. LEXIS 42179, at *6-7 (S.D.N.Y. Mar. 10, 2020).

(2) <u>The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"</u>: this factor is also satisfied. The settlement was reached following an in-person, Court-Ordered mediation held on September 30, 2024. While the parties voluntarily exchanged and reviewed thousands of pages of documents in advance of the mediation to inform their positions on damages, the settlement was reached prior to the commencement of formal discovery, including depositions. The early resolution of this action will enable the parties to avoid protracted litigation. See *Patel*, 2018 U.S. Dist. LEXIS 56867, at *5-6 (S.D.N.Y. Apr. 3, 2018) (settlement approved where the "matter was settled prior to the start of formal discovery, which would have led to protracted and costly litigation likely involving depositions. The settlement avoids the necessity of conducting these depositions"); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825, 2018 U.S. Dist. LEXIS 175446, 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) ("settlement [protects] the Parties from the risks associated with going to trial"); *Lopez v. Poko-St. Anns L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (finding settlement sum fair "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement").

(3) <u>The seriousness of the litigation risks faced by the parties</u>: this factor is satisfied. While Plaintiff believes his claims are meritorious, Defendants vigorously dispute that Plaintiff is entitled to any additional payments and/or did not work all the hours alleged.

(4) <u>Whether "the settlement agreement is the product of arm's length bargaining between experienced counsel"</u>: this factor is satisfied as the settlement is the product of arm's length bargaining between the parties who are represented by experienced counsel. Indeed, private mediation before a neutral third party was held in 2023 (prior to GSA's involvement in this matter), and a Court-Ordered mediation was held in person before Your Honor on September 30, 2024. Although a settlement was not reached during the second mediation, much progress was made. The parties continued to negotiate thereafter and ultimately reached the current agreement. As set forth in my firm's resume attached hereto as **Exhibit B**, GSA has represented employees in numerous wage and hour litigations resulting in substantial recoveries for the employees. In addition, Defendants were represented in this matter by Milber Makris Plousadis & Seiden, LLP, a large and sophisticated law firm.

---

[1] For the reasons raised before the Court during mediation, Plaintiff is allocating no value to his claims for retaliation and the spread of hours violation.

(5)     The possibility of fraud or collusion:  there is none here.  The terms of the Settlement reflect a fair deal and were reached only after several rounds of protracted, arm's length negotiations among current counsel who are experienced in wage and hour litigation, as well as two mediation sessions, including the Court-Ordered mediation held in person before Your Honor on September 30, 2024.

The Settlement thus is fair, reasonable and adequate and should be approved.

**Plaintiff's Counsel's Attorneys' Fees Are Fair and Reasonable**

In addition, Plaintiff's counsel's attorney's fees of $46,531.66, or one third (33%) of the gross settlement, plus reimbursement of expenses of $405 for the court filing fee, for a total amount of $46,936.66, is fair and reasonable.

In January 2023, Plaintiff entered into a retainer agreement with Marble PC, d/b/a Marble Law and prior co-counsel, Yale Pollack (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit C**. The Engagement Letter provides for representation on a contingency basis with a contingency fee of 40% of any recovery obtained on behalf of Plaintiff following the commencement of legal action in court.  In February 2024, the Marble Law Firm engaged current counsel, Giskan Solotaroff & Anderson LLP ("GSA") to work on this matter.  See the "Attorney Reassignment Agreement" attached hereto as **Exhibit D**.  The Attorney Reassignment Agreement incorporates the Engagement Letter.

The attorney's fees sought are one-third of the total recovery, which amount is commonly approved in FLSA actions.  *Sanchez v. DPC N.Y. Inc.*, 381 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) ("Traditionally, in FLSA settlement cases, attorneys' fees are awarded under the 'percentage of the fund' method and one-third of the total settlement is normally considered a reasonable fee."); *Zhong v. Rockledge Bus Tour Inc.*, 2018 U.S. Dist. LEXIS 131829, 2018 WL 3733951 at *4 (S.D.N.Y. Aug. 6, 2018) ("one-third of the net settlement amount . . . is an amount routinely approved under the percentage method"); *Coleman v. DeFranco Pharmacy, Inc.*, 2018 U.S. Dist. LEXIS 129140, 2018 WL 3650017 at *3 (S.D.N.Y. Aug. 1, 2018) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical" in FLSA cases); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

The one third contingency fee sought here is less than the 40% contingency fee in the Engagement Letter to which the Plaintiff originally agreed.  The lodestar cross check supports the award of attorney's fees.  As set forth in the time and expense report attached hereto as **Exhibit E**, GSA spent approximately 73 hours on this matter, incurring a total lodestar of $49,192,50, an amount slightly greater than the fee award sought here, and a court filing fee of $405.

For the reasons set forth herein, the Settlement is fair, reasonable and adequate and should be approved. Similarly, the attorneys' fees and expense reimbursements are reasonable.

Respectfully submitted,

*Catherine E. Anderson*

Catherine E. Anderson